| | | |
|---|---|---|
| **VINNY'S TOWING & RECOVERY**<br>19530 Beaver Creek Road<br>Hagerstown, MD 21740 | \* | IN THE |
| Plaintiff | \* | CIRCUIT COURT |
| v. | \* | FOR |
| **KBI SOLUTIONS LLC**<br>242 Snapdragon Way, Rear Lot<br>Allentown, PA 18104 | \*<br>\* | BALTIMORE COUNTY<br>CASE NO: C-03-CV-23-004517 |
| **SERVE ON:**<br>**RESIDENT AGENT**<br>242 Snapdragon Way Rear Lot<br>Allentown, PA 18104 | \*<br>\*<br>\* | |
| **JB HUNT TRANSPORT, INC**<br>705-B N. Bloomington Street<br>Lowell, AR 72745 | \*<br>\* | |
| Defendant's | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

**VINNY'S TOWING & RECOVERY**, Plaintiff, by and through his attorney, Donald E. Pallett, Esquire, hereby file the instant suit against Defendants, **KBI SOLUTIONS LLC**, and **JB HUNT TRANSPORT, INC,** for reasons therefore state:

### *Statement of Jurisdiction*

1. The Plaintiff, **VINNY'S TOWING & RECOVERY**, "hereinafter referred to as Plaintiff "VINNY'S" collectively, does business in Baltimore County, as VINNY'S **TOWING & RECOVERY** a corporation organized under and by virtue of the laws of the State of Maryland.

2. The Defendant, **KBI SOLUTIONS LLC**, "hereinafter referred to as Defendant "KBI", is licensed to conduct business in the State of Maryland, and does business in Baltimore County, Maryland.

**Exhibit 1**

3. The Defendant **JB HUNT TRANSPORT** "hereinafter referred to as Defendant "JB HUNT", is licensed to conduct business in the State of Maryland, and does business in Baltimore County, Maryland

4. All Defendants do work in Baltimore County, Maryland.

5. Venue and jurisdiction are appropriate in this Honorable Court as Plaintiff and Defendants operating their businesses Baltimore County Maryland.

### *Allegations Common to All Counts*

7. That this is an action to redress breach of Defendant of an implied and express contract and Quantum Meruit for recovery services rendered to the Defendants by the Plaintiffs that directly benefitted them through the recovery of Defendant's loaded freightliner, storage of it, and the clearing of contaminated debris left from this incident upon the Maryland Highway System This action seeks damages in excess of $100,000.00 (One Hundred Thousand Dollars).

8. That on or about December 21, 2022, on Eastbound I-70 Eisenhower Memorial Highway at intersection Westbound Boyd Road in Washington County, Maryland, Defendant, was operating his 2012 loaded Tractor Trailer and failed to control its speed and struck the rear of a vehicle, then struck the guardrail and overturned.

9. Plaintiff VINNY'S, was contacted by MSP for recovery of Defendant's Freightliner, along with the container owned by Defendant J B Hunt.

10. Plaintiff VINNY'S, employed multiple pieces of recovery equipment including, but not limited to, two heavy-duty rotator cranes, heavy duty recovery unit, specialized recovery trailer, roll-off dumpsters and riggers, and advanced funds for two Vacuum Trucks needed for the disposal of toxic cargo.

2

## COUNT I
## QUANTUM MERUIT – KBI

Plaintiff VINNY'S, by and through its attorney, Donald E. Pallett, Esquire, files suit against Defendant KBI, and states the following:

11. Plaintiff, hereby incorporates and adopts by reference paragraphs 1 through 10 above as if they were recited herein.

12. On December 21, 2022, MSP called Plaintiff VINNY'S to provide towing, clean up, and recovery services regarding Defendant KBI'S tractor and trailer that was flipped over the guardrail.

13. Defendant KBI, was familiar with the industry and billing standards for these types of operations.

14. Defendant KBI, was aware that Plaintiff VINNY'S was on the scene engaging in recovery and cleanup operations.

15. Defendant KBI, was licensed for commercial operations and required to carry the appropriate insurance.

16. Plaintiff VINNY'S, diligently performed the recovery and complied with all requests by MSP as well as Defendant's requests.

17. Plaintiff VINNY'S, produced multiple recovery vehicles for this project to safely resolve what was otherwise a very dangerous situation, with debris strewn all over the Interstate Highway and stream.

18. The work was completed, and Plaintiff VINNY'S requested payment based upon the reasonable value of their services within the geographical area. Defendant KBI, has refused to pay the invoice and was in breach of this contract for towing and recovery services.

19. Plaintiff VINNY'S, has rendered valuable services to Defendant KBI with the intention of receiving a fee for the services rendered.

20. Defendant KBI, accepted these services, received the benefit of such services, and knew that Plaintiff VINNY'S expected to be paid for such services.

21. Defendant KBI, never objected to Plaintiff's involvement, never asked Plaintiff to terminate the recovery operation, and never requested the aid of a different tow /recovery company.

## COUNT II

## BREACH OF EXPRESSED CONTRACT - DEFENDANT KBI

Plaintiff VINNY'S, by and through its attorney, Donald E. Pallett, Esquire, files suit against Defendant KBI, and states the following:

22. Plaintiff VINNY'S, adopts by reference the allegations of paragraphs 1 through 21 above as if fully set forth herein.

23. Plaintiff VINNY'S, along with Defendant KBI, had an implied and expressed fee agreement/arrangement, whereby Plaintiff VINNY'S would be paid the standard rate for towing, cleanup, and recovery operations.

24. The operation was completed, and Plaintiff VINNY'S requested payment based upon the reasonable value of their services. Defendant KBI, has refused to pay the invoice that Plaintiff VINNY'S presented to them, and, at all times, thereafter, Defendant has refused to pay the invoice to date, and has otherwise breached the contract.

25. Plaintiff VINNY'S, rendered valuable services to Defendant KBI with the intention of receiving payment for services rendered.

4

26. Defendant KBI accepted these services, received the benefit of such services, and knew that Plaintiff VINNY'S expected to be paid for such services.

27. Defendant KBI, nor their employee driver, objected to Plaintiff's involvement in the recovery, and never told Plaintiff to stop the recovery process, nor did Defendant offer a substitute company to aid or finish the recovery.

28. All the services rendered by Plaintiff VINNY'S, to Defendant KBI and to KBI's driver, were rendered under such circumstances that Defendant KBI, knew that Plaintiff expected to be paid.

## COUNT III
## QUANTUM MERUIT – JB HUNT

Plaintiff VINNY'S, by and through its attorney, Donald E. Pallett, Esquire, files suit against Defendant JB HUNT and states the following:

29. Plaintiff VINNY'S hereby incorporates and adopts by reference paragraphs 1 through 28 above as if they were recited herein.

30. On December 21, 2022, MSP called Plaintiff VINNY'S to provide towing, clean up, and recovery services regarding Defendant JB HUNT'S trailer that was flipped over the guardrail.

31. Defendant JB HUNT, was familiar with the industry and billing standards for these types of operations.

32. Defendant JB HUNT, was aware that Plaintiff VINNY'S was on the scene engaging in recovery and cleanup operations.

33. Defendant JB HUNT was licensed for commercial operations and required to carry the appropriate insurance.

34. Plaintiff VINNY'S, diligently performed the recovery and complied with all requests by MSP as well as Defendant's requests.

35. Plaintiff VINNY'S, produced multiple recovery vehicles for this project to safely resolve what was otherwise a very dangerous situation, with debris strewn all over the Interstate Highway and stream.

36. The work was completed, and Plaintiff VINNY'S requested payment based upon the reasonable value of their services within the geographical area. Defendant JB HUNT has refused to pay the invoice and was in breach of this contract for towing and recovery services.

37. Plaintiff VINNY'S, has rendered valuable services to Defendant JB HUNT with the intention of receiving a fee for the services rendered.

38. Defendant JB HUNT, accepted these services, received the benefit of such services, and knew that Plaintiff VINNY'S expected to be paid for such services.

39. Defendant JB Hunt, never objected to Plaintiff's involvement, never asked Plaintiff to terminate the recovery operation, and never requested the aid of a different tow /recovery company.

## AD DAMNUM

**WHEREFORE**: That by reason of the foregoing, Plaintiff **VINNY'S**, demands monetary damages individually and collectively, against Defendant **KBI** and Defendant **JB HUNT** for an amount in excess of **ONE HUNDRED THOUSAND DOLLARS ($100,000.00)**, Attorney fees, and the costs of this action.

Respectfully submitted,

VINNY'S TOWING & RECOVERY
By and Through Counsel

____/s/_____

6

Donald E. Pallett, Esq.
Parker, Pallett, Slezak & Russell, LLC
11450 Pulaski Highway
White Marsh, MD 21162
PH:  410-335-3800
FX:  410-335-2188
donpallettlaw@gmail.com
CPF No.:  8212010349