IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VINNY'S TOWING & RECOVERY,

    Plaintiff,

v.      Civil No. 24-1044-BAH

KBI SOLUTIONS, LLC, et al.,

    Defendants.

## MEMORANDUM OPINION

Plaintiff Vinny's Towing and Recovery brought suit against KBI Solutions, LLC ("KBI") and J.B. Hunt Transport, Inc. ("J.B. Hunt" or, collectively, "Defendants") asserting contractual and quasi-contractual claims arising out of Plaintiff's towing, recovery, and storage of a commercial motor vehicle. ECF 1 (Notice of Removal), at 2.[1] After being served with Plaintiff's complaint, J.B. Hunt filed a cross-claim against KBI on April 10, 2024, asserting causes of action for breach of contract, negligence, and indemnification. *See* ECF 5 (State Court Cross-Claim). Pending before the Court is J.B. Hunt's Motion for Alternative Service on KBI (the "Motion"). *See* ECF 22. KBI has not responded as they have not yet been served. All filings include exhibits. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, J.B. Hunt's Motion for Alternative Service is **DENIED**.

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

## I. BACKGROUND

Plaintiff filed suit against KBI seeking damages arising out of Plaintiff's towing, recovery, and storage of a tractor allegedly owned and operated by KBI, and a trailer owned by J.B. Hunt. ECF 22, at 1. The tractor and trailer were involved in a motor vehicle accident on or about December 21, 2022. ECF 22, at 1. On August 12, 2024, this Court issued an order to show cause, directing Plaintiff and J.B. Hunt to explain why the case should not be dismissed against KBI for failure to effectuate service. *See* ECF 8. On August 26, 2024, the Court extended the service deadline for KBI to September 30, 2024. ECF 11, at 1. However, the record reflects that despite that extension, Plaintiff has still not served KBI. J.B. Hunt "requested its own summons for purposes of serving KBI with the Cross-Claim." ECF 22, at 2 n.2. After failing to effectuate service of process on KBI, J.B. Hunt asks this Court to authorize service in the following ways: (a) email to KBI's point of contact as found on contracts between KBI and J.B. Hunt (Carlos Banks at email address Carlosbanks1997@gmail.com); (b) email to KBI's insurance adjuster at Progressive Insurance (Pam Mausser at email address Pamela_Mausser@Progressive.com); (c) via regular mail to KBI's registered office; and (d) by posting the summons and cross-claim on the door of KBI's registered office. *See* ECF 22, at 4.

## II. LEGAL STANDARD

Rule 4(h) of the Federal Rules of Civil Procedure governs service on a corporation within the United States. *See* Fed R. Civ. P. 4(h). This rule allows for a corporation to receive service of process by any means allowed by the state where the district court is located, or the state where service is to be effected. *See* Fed R. Civ. P. 4(h)(1)(A). Subsection (1)(B) authorizes service upon a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of

2

process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

In Maryland, service is made upon a limited liability company by serving its resident agent. *See* Md. Rules 2-124(h). If the limited liability company has no resident agent or if a good faith attempt to serve the resident agent has failed, "service may be made upon any member or other person expressly or impliedly authorized to receive service of process." *Id.* In Pennsylvania, service on a corporation or similar entity shall be made by personally serving the summons and complaint to: (1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it. Pa. R. Civ. P. 424.

Maryland Rule 2-121(b) applies when defendants are evading service, and provides that:

> When proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person of suitable age and discretion at the place of business of the defendant.

Md. Rules 2-121(b). Additionally, when "proof is made by affidavit that good faith efforts to serve the defendant pursuant to [Md. Rule 2-121(a)] have not succeeded and that service pursuant to [Md. Rule 2-121(b)] is inapplicable or impracticable, the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice." Md. Rules 2-121(c). To pass constitutional muster, "notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Timilon Corp. v. Empowerment Just. Ctr. Corp.*, Civ. No. DKC-23-1134, 2023 WL 5671616, at *3 (D. Md. Sept. 1, 2023) (citing

*Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) and *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 920–21 (4th Cir. 1996)). This Court has recognized that "[w]hile personal service is the preferred method, Maryland Rule 2-121(c) allows the Courts to customize a method of service specifically for the situation before it." *Fid. Nat'l Title Ins. Co. v. M&R Title, Inc.*, Civ. No. PWG-12-148, 2013 WL 12423808, at *2 (D. Md. Feb. 15, 2013).

## III. ANALYSIS

J.B. Hunt requests the Court authorize service by emailing the relevant documents to 1) the point of contact listed on the contracts between KBI and J.B. Hunt (Carlos Banks) and 2) KBI's insurance adjuster (Pam Mausser), mailing (via regular mail) the relevant documents to KBI's registered office and posting the relevant documents on the door of KBI's registered office. *See* ECF 22, at 4.

According to J.B. Hunt, KBI is a limited liability company with its principal place of business in Pennsylvania. ECF 1, at 1. A joint status report, filed by Plaintiff and J.B. Hunt on August 23, 2024, indicated KBI allegedly "had a designated BOC-3 agent for service of process in all states in which Defendant KBI operated." ECF 10, at 1 n.1. However, in the motion at issue, J.B. Hunt represents that it "attempted to locate KBI's resident agent," but that "[i]n Pennsylvania, rather than naming a registered agent, businesses enlist a registered office or a commercial registered office provider ("CROP")." ECF 22, at 3. J.B. Hunt asserts that the address where J.B. Hunt attempted to serve KBI "is the registered office listed on KBI's Articles of Organization, and thereby serves as the equivalent to a registered agent for purposes of effectuating service" and that the "Pennsylvania Department of State shows that KBI does not have a CROP." *Id.* at 3–4.[2]

---

[2] The Court notes that J.B. Hunt does not provide citations or attach exhibits to support these assertions.

4

J.B. Hunt hired a private process server, Charleah Sandt at De Novo Attorney Services, Inc., to effectuate service of process on KBI. ECF 22, at 2. Sandt attempted service on three consecutive days, September 16, 17, and 18, 2024. ECF 22-1, at 1. The address at which Sandt attempted to serve KBI was 242 Snapdragon Way, Rear Lot, Allentown, PA, 18104. *Id.* at 1–2. Counsel for J.B. Hunt indicates that four actions were taken in an effort to locate KBI, namely J.B. Hunt: (1) confirmed that KBI's business address is the address listed above according to the Pennsylvania Department of State, (2) confirmed that the above-listed address is the address KBI provided to J.B. Hunt on contracts between J.B. Hunt and KBI related to KBI's provision of certain motor carrier services, (3) engaged a process server to hand deliver service documents to KBI, and (4) attempted to locate KBI's resident agent. ECF 22, at 2. Moreover, J.B. Hunt alleges that KBI is insured by Progressive Insurance and an adjuster has been assigned to the insurance claim. *Id.*

Sandt attempted service three times. ECF 22-1, at 1. On the first service attempt, Sandt observed a coupon in the door, then proceeded to ring the doorbell and knock on the door but received no answer. *Id.* On the second attempt, Sandt did not observe any cars in the driveway. *Id.* Sandt rang the doorbell, potentially heard a dog bark "for a second," but was "not sure." *Id.* Then, Sandt knocked on the door and realized "there was a dog." *Id.* According to Sandt, "someone [was] in the house and [made] the dog stop barking." *Id.* On the third attempt, Sandt again did not observe any cars in the driveway. *Id.* Sandt rang the doorbell, knocked on the door, heard a dog bark, but received no answer. *Id.* Sandt then "tagged [the] door." *Id.* Sandt indicated in the affidavit that KBI is "avoiding service." *Id.* J.B. Hunt also attempted to serve KBI by certified mail, but service was unsuccessful. ECF 22, at 4.

Sandt's affidavit does not demonstrate that KBI is evading service or that service is impracticable. During two of the three service attempts, there were no cars in the driveway. ECF

5

22-1, at 1. What is more, Sandt's contention that KBI is "avoiding service" appears to be based solely on Sandt's speculative statement that "someone [was] in the house and [made] the dog stop barking." *Id.* Additionally, Sandt's affidavit shows that Sandt received the service notice on September 12, at 4:26 p.m., then attempted service on three consecutive days, September 16, 17, and 18, and then signed the affidavit of non-service on September 18 after the third unsuccessful service attempt. *Id.; cf. Timilon Corp,* 2023 WL 5671616, at *2 (granting motion for alternative service after nine unsuccessful service attempts). Without more, J.B. Hunt has not shown that service according to the Federal, Maryland, or Pennsylvania Rules cannot be accomplished. *See Scott v. Lori*, Civ. No. ELH-19-2014, 2020 WL 4547960, at *3 (D. Md. Aug. 6, 2020) (denying motion for alternative service where "[p]laintiff has not established that [defendants] have taken affirmative steps to evade service.").[3]

According to J.B. Hunt, Pam Mausser, the assigned adjuster, has "been in touch with KBI concerning J.B. Hunt's claim and the subject lawsuit." ECF 22, at 2. However, the email correspondence attached to the pending motion reveals a discussion about the relevant insurance coverage and indemnification provisions; the lawsuit is not expressly mentioned in the correspondence. ECF 22-2, at 1–2. Thus, the Court is not persuaded that the correspondence with the claims adjuster provides support for J.B. Hunt's claim that KBI is avoiding service.

Accordingly, J.B. Hunt's motion for alternative service is denied without prejudice, and J.B. Hunt is directed to serve KBI with any method authorized by the federal or applicable state rules. Should J.B. Hunt remain unable to serve KBI through documented good faith efforts under

---

[3] J.B. Hunt states that it "attempted, unsuccessfully, to serve KBI by certified mail." ECF 22, at 4. J.B. Hunt provides no additional details, leaving the Court to speculate as to where exactly (and to whom) the documents were mailed, why service was "unsuccessful," and whether an agent of KBI refused service by certified mail.

the statutorily prescribed means, J.B. Hunt is welcome to again seek an order permitting alternative service. The Court will grant J.B. Hunt an additional 45 days to effectuate service of process on KBI.

## IV. CONCLUSION

In light of the foregoing, it is hereby ORDERED that Defendant J.B. Hunt's Motion for Alternative Service on Defendant KBI, ECF 22, is DENIED.

It is further ORDERED that J.B Hunt shall serve KBI with any method authorized by the Federal Rules of Civil Procedure or applicable state rules within forty-five (45) days of the date of this opinion.

It is further ORDERED that the Clerk of the Court shall mail a copy of this Order to the last known address of Defendant KBI Solutions.

A separate implementing Order will issue.

Dated: November 18, 2024

/s/
Brendan A. Hurson
United States District Judge