# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

VINNY'S TOWING & RECOVERY,

     Plaintiff,

v.

KBI SOLUTIONS, LLC, ET AL.,

     Defendants.

Civil No. 24-1044-BAH

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Vinny's Towing & Recovery ("Plaintiff" or "Vinny's Towing") brought suit against KBI Solutions, LLC ("KBI") and J.B. Hunt Transport, Inc. ("J.B. Hunt") asserting contractual and quasi-contractual claims arising out of Plaintiff's towing, recovery, and storage of a commercial motor vehicle following an accident involving that vehicle. ECF 1 (Notice of Removal), at 2.[1] After being served with Plaintiff's complaint (and before the matter was removed to federal court), J.B. Hunt filed a crossclaim against KBI, asserting causes of action for breach of contract, negligence, and indemnification. *See* ECF 5. Following removal, the Court denied J.B. Hunt's motion for alternative service on KBI, ECF 22, and ordered J.B. Hunt to attempt to serve "KBI with any method authorized by the Federal Rules of Civil Procedure or applicable state rules within forty-five (45) days." ECF 25, at 7. Having allegedly done so—and with KBI offering no response to the crossclaim—J.B. Hunt now seeks default judgment. ECF 43.

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

J.B. Hunt also filed a complaint against Third-Party Defendant E&M Express Trucking ("E&M") alleging that agreements between J.B. Hunt and E&M require E&M "to indemnify, defend, and hold J.B. Hunt harmless" for all events at the heart of this suit. ECF 12, at 3. After J.B. Hunt served E&M by certified mail, ECF 24, at 1, E&M failed to answer. Default was later entered by the Clerk of Court, ECF 30, and J.B. Hunt now moves for default judgment as to all claims against E&M, ECF 42. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, the Court has doubts as to whether KBI and E&M have been properly served. As such, the motions for default judgment at ECF 42 and ECF 43 are **DENIED** without prejudice to refile if the concerns noted below are properly addressed.

## I.    BACKGROUND

Plaintiff filed suit against KBI seeking damages arising out of Plaintiff's towing, recovery, and storage of a tractor allegedly owned and operated by KBI, and a trailer owned by J.B. Hunt. ECF 22, at 1 ¶ 1. The tractor and trailer were involved in a motor vehicle accident on or about December 21, 2022. *Id.* On August 12, 2024, this Court issued an order to show cause, directing Plaintiff and J.B. Hunt to explain why the case should not be dismissed against KBI for failure to effectuate service of the complaint filed by Vinny's Towing or J.B. Hunt's crossclaim. *See* ECF 8, at 1. On August 26, 2024, the Court extended the service deadline for KBI to September 30, 2024. ECF 11, at 1. However, the record reflects that despite that extension, Plaintiff did not serve KBI. J.B. Hunt later requested its own summons for purposes of serving its crossclaim. ECF 18, at 1.

After failing to effectuate service of process on KBI at its purported principal place of business in Allentown, Pennsylvania, J.B. Hunt sought authorization to service in the following ways: (a) email to KBI's point of contact as found on contracts between KBI and J.B. Hunt (Carlos

2

Banks at email address []); (b) email to KBI's insurance adjuster at Progressive Insurance (Pam Mausser at email address []); (c) via regular mail to KBI's registered office; and (d) by posting the summons and cross-claim on the door of KBI's registered office. *See* ECF 22, at 4. The Court denied J.B. Hunt's request for the reasons noted in a memorandum opinion issued on November 18, 2024. *See* ECF 25 (memorandum opinion); ECF 26 (implementing order).

In denying the request, the Court summarized J.B. Hunt's attempts to serve KBI in Pennsylvania at the "registered office listed on KBI's Articles of Organization," which J.B. Hunt contended "serve[d] as the equivalent to a registered agent for purposes of effectuating service." ECF 25, at 4 (citing ECF 22, at 3–4). The Court ultimately held that that J.B. Hunt failed to show that service according to the Federal, Maryland, or Pennsylvania Rules could not be accomplished, denied the request for alternative service without prejudice, and invited J.B. Hunt to renew its request for alternative service if it could not properly serve KBI within 45 days. *Id.* at 6–7. Of note to the instant motion was the Court's observance that J.B. Hunt represented that it has "attempted, unsuccessfully, to serve KBI by certified mail." *Id.* at 6 n.3 (citing ECF 22, at 4). However, "J.B. Hunt provide[d] no additional details, leaving the Court to speculate as to where exactly (and to whom) the documents were mailed, why service was 'unsuccessful,' and *whether an agent of KBI* refused service by certified mail." *Id.* (emphasis added).

Following the Court's denial of the request for alternative service, J.B. Hunt alleges it successfully served KBI "in accordance with Rule 4 of the Federal Rules of Civil Procedure" by "Certified Mail, Return Receipt Requested on KBI Solutions, LLC, ATTN: Carlos Banks, 727 Mount Prospect Ave. NE, Newark, NJ 07104[.]" ECF 39, at 1 (Affidavit of Service). J.B. Hunt alleges that service is "evidenced by the Addressee's signature on the return receipt attached [to ECF 39] as well as [an attached] USPS tracking receipt." *Id.* (citing ECF 39-1, at 1). When KBI

3

still failed to respond, J.B. Hunt sought the entry of default pursuant to Fed. R. Civ. P. 55(a) and Local Rule 108.2(a). ECF 37, at 1. The Clerk entered default on June 12, 2025. ECF 40-1, at 1. The motion for default judgment followed on September 9, 2025. ECF 43.

As it relates to E&M, J.B. Hunt alleges it served a third-party complaint "via USPS Certified Mail on September 27, 2024." ECF 29-2, at 2. The relevant paperwork was sent to "E&M Express Trucking, LLC, ATTN: Erick Valdez, 1812 Potomac Street, Allentown, Pennsylvania 18103." ECF 24, at 1. J.B. Hunt previously provided documentation of service in the form of a receipt from the United States Postal Service. ECF 24-1, at 1. Since default has been entered, J.B. Hunt contends that default judgment is warranted because "E&M has failed to plead or otherwise appear or defend this matter." ECF 42-1, at 1. The motion for default judgment as to the third-party complaint against E&M was filed on August 2, 2025. *Id.*

## II.    **LEGAL STANDARD**

The Fourth Circuit has expressed a "strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). However, "default judgment may be appropriate when the adversary process has been halted because of an [ ] unresponsive party." *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). "A defendant's default does not automatically entitle the plaintiff to the entry of a default judgment; rather, that decision is left to the discretion of the court." *Choice Hotels Int'l, Inc. v. C Kop Hurp, LLC*, Civ. No. DKC 25-2078, 2025 WL 3290665, at *1 (D. Md. Nov. 26, 2025) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). Also, "[b]efore a court can render default judgment, it must be satisfied that the defaulting party has been properly served." *Bd. of Trs. Sheet Metal Workers' Nat'l Pension Fund v. Gentlemen Sheet Metal Ltd.*, No. 1:25-CV-803-MSN-WEF, 2025 WL 3200753, at *2

4

(E.D. Va. Oct. 27, 2025), report and recommendation adopted, No. 1:25-CV-803-MSN-WEF, 2025 WL 3197874 (E.D. Va. Nov. 14, 2025). This is because "[a]bsent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998) (citing *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir.1984)). Thus, proper service is necessary for a court to have personal justification over a defendant, and "any judgment entered against a defendant over whom the court does not have personal jurisdiction is void." *Id.* at 306–07.

Rule 4(h) of the Federal Rules of Civil Procedure governs service on a corporation within the United States. *See* Fed R. Civ. P. 4(h). This rule allows for a corporation to receive service of process by any means allowed by the state where the district court is located, or the state where service is to be effected. *See* Fed R. Civ. P. 4(h)(1)(A). Subsection (1)(B) authorizes service upon a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

In Maryland, where the district court is located for purposes of Rule 4(h), service is made upon a limited liability company by serving its resident agent. *See* Md. Rule 2-124(h). Pursuant to that rule, "[s]ervice is made upon a limited liability company by serving its resident agent. If the limited liability company has no resident agent or if a good faith attempt to serve the resident agent has failed, service may be made upon any member or other person expressly or impliedly authorized to receive service of process." *Id.* Further, service can be perfected by "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by

certified mail requesting: "Restricted Delivery—show to whom, date, address of delivery." Md. Rule 2-121(a)(3).

In New Jersey, where J.B. Hunt sought to effect service on Carlos Banks, "[t]he primary method of obtaining in personam jurisdiction over a defendant [] is by causing the summons and complaint to be personally served within [New Jersey] pursuant to [N.J. Ct.] R. 4:4-3." N.J. Ct. R. 4:4-4(a). "Service may be '[u]pon a corporation, by serving a copy of the summons and complaint in the manner prescribed by paragraph (a)(1) of this rule on any officer, director, trustee or managing or general agent . . . .'" *Resol. Mgmt. Consultants, Inc. v. Design One Bldg. Sys. Inc.*, No. 23-1289, 2024 WL 4471728, at *3 (3d Cir. Oct. 11, 2024) (citing N.J. Ct. R. 4:4-4(a)(6)). As it relates to service by mail, N.J. Ct. R. 4:4-3(a) provides, in pertinent part, that "[i]f personal service cannot be effected after a reasonable and good faith attempt, which shall be described with specificity in the proof of service required by R. 4:4-7, service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant or a person authorized by rule of law to accept service for the defendant or, with postal instructions to deliver to addressee only, to defendant's place of business or employment." N.J. Ct. R. 4:4-3(a). N.J. Ct. R. 4:4-7 provides that "[i]f service is made by mail, the party making service shall make proof thereof by affidavit which shall also include the facts of the failure to effect personal service and the facts of the affiant's diligent inquiry to determine defendant's place of abode, business or employment. With the proof shall be filed the affidavit or affidavits of inquiry, if any, required by R. 4:4-4 and R. 4:4-5."

Thus, under N.J. Ct. R. 4:4-3, service by mail is not effective "unless plaintiff first made 'a reasonable and good faith attempt' to serve defendant personally." *Beniquez v. Atl. Supply, LLC*, No. CV 22-06198 (CPO), 2024 WL 4903599, at *4 (D.N.J. Nov. 25, 2024) (citing *City of*

*Passaic v. Shennett*, 390 N.J. Super. 475, 483 (App. Div. 2007)). As noted in the relevant rule, before service by mail can be permitted, an affidavit must be submitted demonstrating "that despite diligent effort and inquiry, personal service [within New Jersey] cannot be made." *Guardian Life Ins. Co. of Am. v. Est. of Matesic*, 2016 WL 3763340, at *2 (D.N.J. July 14, 2016) (quoting N.J. Ct. R. 4:4-4(b)(1)). Diligent efforts have been described as requiring an "energetic effort to search and find a defendant whose address is unknown, or who is allegedly evading service, before resorting to alternate means of substitute service." *Tucker v. Nault*, No. CV 22-4719 (CPO/SAK), 2023 WL 5346603, at *2 (D.N.J. Aug. 21, 2023) (citation omitted). Finally, "a party who effectuates service by certified mail must submit 'the return receipt card' or a 'printout of the electronic confirmation of delivery [containing] an image of the recipient's signature.'" *Mouzone v. W. Mkt. Associations LLC*, No. CV 25-6317 (ES) (JSA), 2025 WL 2989112, at *4 (D.N.J. Oct. 6, 2025) (quoting *Wingate Inns Int'l, Inc. v. Hanna G.N. Corp.*, 2022 WL 154398, at *2 (D.N.J. Jan. 18, 2022)).

In Pennsylvania, where service is to be effected on E&M, service on a corporation or similar entity shall be made "handing a copy" of the summons and complaint to: (1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it. Pa. R. Civ. P. 424. As it relates to in-state defendants in Pennsylvania, "[p]roper service cannot be effected through the postal system, including certified mail." *Sampath v. Concurrent Techs. Corp*, 227 F.R.D. 399, 402 (W.D. Pa. 2005); *see also McFadden v. CVS Pharmacy, Inc.*, No. CV 20-1715, 2020 WL 4195284, at *2 (E.D. Pa. July 21, 2020) ("As for the Pennsylvania Rules of Civil Procedure, they allow for service to in-state defendants either 'by

7

handing a copy to the defendant,' or 'at any office or usual place of business of the defendant[,] to his agent or to the person for the time being in charge thereof.'" (citing Pa. R. Civ. P. 402)); *Staudte v. Abrahams*, 172 F.R.D. 155, 156 (E.D. Pa. 1997) ("Similarly, the Pennsylvania Rules of Civil Procedure do not authorize service of original process within Pennsylvania by mail, including certified mail."). However, an out-of-state corporation may be served by mail using "any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403, 404(2); *see also Douglas v. Wal-Mart Stores, Inc.*, No. 05-152, 2005 WL 589626, at *1 n.1 (E.D. Pa. Mar. 10, 2005) ("Certified mail, return receipt requested, is a proper method of service on an out-of-state corporation under Pennsylvania law."); *see also McFadden*, 2020 WL 4195284, at *2 ("In cases involving an out-of-state defendant, the rules also allow for service in the manner prescribed by Rule 402, as well as for service 'by any form of mail requiring a receipt signed by the defendant or his authorized agent.'" (citing Pa. R. Civ. P. 403, 404)).

## III.    ANALYSIS

In seeking default judgment as to its claims against KBI, J.B. Hunt avers that "service on [] respondent is validly effected under Federal Rule of Civil Procedure 4." ECF 43-1, at 3. Though it does not specify whether it relies on Maryland, New Jersey, or Federal Rule of Civil Procedure 4(h) itself to establish service on KBI, the Court finds that proof of service under all three is deficient and thus default judgment is not appropriate at this time.

J.B. Hunt alleges that it served its crossclaim and summons on KBI by sending it to the attention of "Carlos Banks," at an address in Newark, New Jersey. ECF 37-3, at 1. However, J.B. Hunt has failed to establish Carlos Banks' identity and role at KBI sufficient for this Court to determine if Banks is the proper recipient of service for KBI. Under the relevant Maryland Rule, J.B. Hunt has failed to establish that service by mail is appropriate since it is unclear that Banks is

8

the resident agent or "any member or other person expressly or impliedly authorized to receive service of process." *See* Md. Rule 2-124(h). This problem is particularly acute here where Banks was previously described by J.B. Hunt as merely "the point of contact listed on the contracts between KBI and J.B. Hunt," ECF 22, at 4, not the resident agent or someone authorized to receive process. Absent additional information, the Court cannot find that service is proper under Md. Rule 2-124(h). *See Shomo v. Cooksey*, Civ. No. SAG-24-03427, 2025 WL 1425518, at *1 (D. Md. May 16, 2025) (finding service improper where the plaintiffs failed to establish whether the person served was the proper recipient of service for the defendant).

The same result is warranted under New Jersey law. In addition to the concerns noted above about whether Banks is even the appropriate person to serve, J.B. Hunt provides no affidavit or recitation of efforts to serve Banks personally before it opted to send the complaint and summons by certified mail. ECF 39, at 1. Moreover, the Court hesitates to credit the signature purportedly memorializing Banks' receipt of the summons and complaint. ECF 39-1, at 1. While the Court acknowledges that J.B. Hunt is subject to the identity confirmation standards employed by the postal worker delivering the relevant documents, the signature provided is difficult to decipher. *Id.* Further, a cursory internet search reveals that the address in Newark that the complaint and summons were mailed to appears to be a single-family home with no reported connection to KBI, a fact that is particularly relevant where J.B. Hunt previously described KBI as a limited liability company with its principal place of business in Pennsylvania, not New Jersey. ECF 1, at 1.[2]

---

[2] The Court notes that J.B. Hunt previously provided details of attempts to serve KBI at by private process server at an address in Allentown, Pennsylvania. ECF 22-1, at 1.

As it relates to E&M, J.B. Hunt has similarly failed to prove that it effected service. J.B. Hunt does not attempt to establish that it served E&M by "handing a copy" of the summons and complaint as required by Pa. R. Civ. P. 424. And even assuming it is permitted to take advantage of the service-by-mail provisions of Pa. R. Civ. P. 403, J.B. Hunt fails to establish that Erick Valdez is authorized by E&M to receive service or is otherwise the proper person to be served under Pa. R. Civ. P. 424. Moreover, the return receipt provided as proof of service does not appear to be signed by Erick Valdez as the first name of the signor clearly begins with an "M" and the surname likely starts with a "P." ·ECF 24-1, at 1. The record before the Court presents no evidence that Erick Valdez signed the receipt, "thus the mailing is insufficient under Pennsylvania's service rules." *Miller v. Aldecocea*, No. 23-CV-00409, 2023 WL 4534591, at \*5 (E.D. Pa. July 13, 2023). Even if the Court were to assume the signatory was somehow authorized to accept mail for Valdez, or even for E&M, it does not follow that this individual is similarly authorized to accept *service* on behalf of Valdez or the company. *See Ghost v. Victory Recovery Serv., Inc.*, No. CIV.A. 14-215, 2014 WL 1515700, at \*2 (E.D. Pa. Apr. 17, 2014) (rejecting the argument that the Postal Service's acceptance of a signature different than the addressee's necessarily means that the signatory was an agent of the addressee); *McKinnis v. Hartford Life*, 217 F.R.D. 359, 361 (E.D. Pa. 2003) (service was not proper where the record failed to reveal the relationship between the person who signed a certified mail receipt and the person mail was directed to).

Finally, to the extent J.B. Hunt even makes the argument, service by mail is not authorized by Federal Rule of Civil Procedure 4(h)(1)(B). As noted, that rule permits service on a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). However, it is well-established that "[s]ervice by mail is deficient under

Federal Rule 4(h)(1)(B)." *Canuto v. Mattis*, 273 F. Supp. 3d 127, 134 (D.D.C. 2017); *see also Patel v. Dab Inspection & Consulting Servs., LLC*, No. 1:24-CV-859-AJT-WEF, 2025 WL 2693852, at \*7 (E.D. Va. Sept. 2, 2025) (noting that "delivery" under Rule 4(h)(1)(B) requires personal service on the registered agent). The mere fact that certified mail was delivered to Carlos Banks or Erick Valdez does not, standing alone, satisfy Rule 4(h)(1)(B). "Rather, [the rule] authorizes service by mail as an additional, not substitute, method of service—and even then, only when a corporate agent is 'authorized by statute' to accept service and said statute requires mailing." *Mouzone*, 2025 WL 2989112, at \*5 (citing Fed. R. Civ. P. 4(h)(1)(B)).

In sum, because the record here does not establish that J.B. Hunt complied with the relevant rules governing service of process, the pending motions for default judgment are denied. However, these denials are without prejudice and J.B. Hunt is invited to address the deficiencies noted above in renewed motions.

## IV.    **CONCLUSION**

In light of the foregoing, it is hereby **ORDERED** that Defendant J.B. Hunt's motion for default judgment against E&M (ECF 42) is **DENIED** without prejudice and the motion for default judgment against KBI (ECF 43) is also **DENIED** without prejudice.

A separate implementing order will issue.

Dated: <u>December 16, 2025</u>

                                                              /s/
                                                    Brendan A. Hurson
                                                    United States District Judge